Tamara M. Harris
The Law Office of Tamara M. Harris
111 Broadway, Suite 706
New York, New York 10006
(646) 960-2057

September 16, 2020

Honorable Arlene Lindsay
United States District Judge
United States District Court
100 Federal Plaza
Central Islip, New York 11722

Re: Cason v. Federal Protective Security Officer Valentine et al, 2:16-cv-03710
Motion to Additional Time to Serve

Dear Judge Lindsay,

I write on behalf of plaintiff Michael Cason to seek an extension of time to serve process under Fed. Rule Civ. Proc. 4(m) and, alternatively, for the court to permit alternative service during the pandemic.

On February 12, 2020 Judge Spatt rendered a decision granting plaintiff's August 6, 2019 motion to amend the caption to replace the John Doe defendants with those individuals true identities: Federal Protective Service Officers Valentine, Hoff (AKA Hog), QCity and Inspector Anest. The motion was based on the disclosure of John Does identities in depositions. This motion was granted without any opposition being filed by the federal government, or any objection based on statute of limitations grounds. On August 13, 2020 the federal government wrote a letter motion to Judge Hurly for reconsideration of his scheduling order citing, "the inexplicable failure to seek to add them [the now identified John Does] to the caption within the three year statute of limitations (i.e. July 2018) and/or timely complete service, warrants dismissal." The federal government's letter, raising issues about the propriety of amending the caption based on the expiration of the statute of limitations, was filed more than a year after plaintiff's motion to amend the caption to identify John Does was filed. It was also filed six months after the Court granted plaintiff's motion to amend the caption and ordered the clerk to amend the caption to identify John Does as Federal Protective Office Valentine, Hoff (AKA Hog), QCity and Inspector Anest.

As set forth above, the federal government never filed any opposition to plaintiff's motion to amend the caption to identify John Does when the motion was filed in 2019, and failed to preserve any argument regarding the statute of limitations when that motion was briefed. They similarly failed to appeal that order and have first raised an objection to amending the caption six months after the Court's Decision. That argument is therefore unpreserved and waived at this

juncture and, to the extent defendants seek reconsideration of the court's February 2020 Decision granting the amendment of the caption to identify John Does, that is equally untimely. *Alston v. Lt. Bellerose* et al, 3:12-cv-127 (US Dist. Ct Connecticut Feb. 11, 2016) (rejecting an untimely motion for reconsideration and citing the Second Circuit case of *Harris v. Millington*, 613 F. App'x 58 (2d Cir. 2015) for the proposition that motions for reconsideration are governed by the District Court's Local Rules mandating that motions for reconsideration be filed within fourteen days from the order from which relief is sought). Under the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, Local Rule 6.3, entitled, Motions for Reconsideration or Reargment, "a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen *(14) days* after the entry of the Court's determination of the original motion." It has been *more than six months* since Judge Spatt's decision and order, and the time to move for reconsideration has long expired.

Moreover, there is nothing to reconsider in any event- since the federal government filed absolutely no opposition to plaintiff's motion whatsoever, and literally waited one year and seven days to first file a letter claiming the statute of limitations bars amendment of the timely filed complaint, to include the identities of John Does. All of these arguments were available to the federal government when plaintiff's motion was filed in 2019- especially since they now claim the statute ran in July of 2018 (per their August 13,2020 letter to the Court.) Hence, this argument was waived. Similarly, the time to file a notice of appeal from Judge Spatt's 2/12/20 Decision and Order has also expired, rendering these arguments unpreserved in any event.

On August 26, 2020 the undersigned filed a letter with the Court addressing this issue and requesting an extension of time to serve process upon the now identified John Does due to the pandemic and my process servers inability to personally serve Federal Protective Service Officers Valentine, Hoff (AKA Hog), QCity and Inspector Anest; or anyone authorized to accept service for these federal officers at 26 Federal Plaza. In the alternative, the undersigned requested an alternative method of service be permitted- due to the fact that all personnel authorized to accept service at 26 Federal Plaza in New York City are working remotely, per Federal Investigator Lee (to be discussed below). Specifically, service by certified mail to the US Attorney's Civil Processing Clerk in Washington D.C., Attorney General of the United States in Washington D.C., Federal Protective Service Officer Valentine, Federal Protective Service Officer Hoff (AKA Hog), Federal Protective Service Officer QCity and Federal Inspector Anest was completed on August 21,2020 (*Ex. A*)[1] and the undersigned requested that be deemed sufficient.

---

[1] The United States Attorneys Office was previously served in this action in 2016 when it was originally filed, and AUSA Schumacher was assigned the case at its inception. However, the identities of John Does were not known at that time they could not be served.

Judge Hurley thereafter ordered that this application for an extension and alternative method of service be made before Your Honor.

### REQUEST FOR EXTENSION OF TIME TO SERV UNDER FED. R. CIV. PROC. 4(M)

As to the issue of service, the first time this court authorized this case to proceed against FPS Officers Valentine, QCity, Hoff, and Inspector Anest; and ordered the original complaint (which was timely filed) to be deemed amended to substitute their names for John Does, was on February 12,2020. When this case commenced in 2016 plaintiff did not know the names of the John Doe federal officers and inspector and, as a result, these individuals could not be identified in the complaint or served. During depositions plaintiff first learned of their names and, during scheduled motion practice, plaintiff sought leave to amend the complaint to substitute John Does with the true identifies of these officers. None of these Federal Officers (Valentine, QCity, or Hogg) or Inspector Anest were authorized to be named as defendants in this action prior to Judge Spatt's 2/12/20 Court Order granting plaintiff's motion and directing the Clerk to amend the caption of the case to include these now identified defendants. Hence, service on defendants, whose role in the case had not been authorized until the 2/12/20 Order, would have been premature. Again, defendants recent contentions by letter dated 8/13/20- claiming amendment of the caption is untimely and service cannot be effectuated because the statute of limitations expired in 2018- were all claims available to defendants during motion practice; and cannot now be raised for the first time 7 months after an adverse Decision and Order by Judge Spatt.

Although there is generally 90 days to effectuate service, the pandemic has rendered it impossible to do so in accordance with Rule 4 of the Federal Rules of Civil Procedure.  As the Court is aware, there were mass shutdowns of government offices in March 2020 due to the coronavirus outbreak. As a result, process servers, including my own process server (Michael Delcore) were denied entry into many government buildings in New York City. Governor Cuomo similarly issued a series of orders tolling the statute of limitations. In mid-July 2020, my process server went to 26 Federal Plaza, where the now named federal defendants worked, and was denied access due to COVID. On Friday, August 21, 2020 my process server, Michael Delcore, again went back to 26 Federal Plaza in New York City, attempting to effectuate personal service of the 2/12/20 court order substituting the identities of John Does on the original complaint, along with the summons and complaint in this action, on defendants or someone authorized to accept service on their behalf. However, the named defendants were not on the premises and all personnel able to accept service on their behalf were working remotely.

Specifically, Federal Inspector Lee attempted to assist process server Michael Delcore in effectuating service at 26 Federal Plaza in New York City- the main work location for the named federal defendants. Pre-pandemic, service could be effectuated on authorized personnel by delivering a summons and complaint to the 30th floor. However, the 30th floor is now deserted due to COVID-19.  All personnel

who were previously authorized to accept service on behalf of the federal defendants are working remotely from home. Notwithstanding this, Inspector Lee escorted Michael Delcore to the 30th floor of 26 Federal Plaza, taking him from office to office in an effort to find one person who may be authorized to accept service. However, every single office that Inspector Lee took Mr. Delcore to was empty; and the 30th floor was literally a ghost town. Although trying to be as helpful as possible, Inspector Lee indicated he was not authorized to accept service for the named defendants; and informed him it would be impossible to serve process- because anyone who would have been authorized to accept service was working remotely because of the pandemic. Inspector Lee further indicated there were no plans in sight for that arrangement to change. Inspector Lee further informed Michael Delcore that none of the named defendants were at the location to be personally served, and he had no information as to whether they would even be back at that location.

      Personal service, or service on a person authorized to accept service during the pandemic has proved impossible. As such, plaintiff is respectfully requesting a good cause and/or discretionary extension to serve process under Rule 4(m). Service on the named defendants only became a viable issue after Judge Spatt granted the motion to deem the original complaint's caption amended (to identify the John Does and proceed against them with this litigation). Due to COVID-19 the process server's ability to serve process through normal channels has been impaired by both denial of access into the building in July; and the most recent development in August- whereby all employees authorized to accept service are working remotely. In terms of Rule 4(m)'s discretionary extension to serve process, such an extension is also warranted here- where the existence of a pandemic has made service impossible and the COVID-19 outbreak has caused the Governor to issue multiple COVID-19 tolls, originating with Executive Order 202.8 ("any specific time for the commencement, filing, or service of any legal action, notice, motion or other process or proceeding...hereby tolled from the date of the executive order until April 19,2020). Executive Order 202.8 (the COVID-19 toll) has been consistently extended roughly every 30 days since it was issued- continuing the COVID toll on the statute of limitations to the present time. *See Executive Orders, 202.28;202.38;202.48; 202.60*. Similarly, courts in this state have begun to recognize COVID as a basis to grant discretionary/interest of justice extensions to serve process. *See Smushkevich v. Perel*, 2020 NY Slip Op 20226 (Kings County S. Ct, September 9,2020) (worldwide pandemic grounds for interest of justice extension to serve process).

      Further, there is no prejudice to defendants from the extension because they have been on notice of this action since 2016, when AUSA Schumaker filed several letters seeking an extension to respond to the complaint. Accordingly, the same attorney who would represent defendants Valentine, Hoff, QCity and Anest, has had notice of this case for the past four years; has had notice of John Does' identities since depositions in 2017 (if not before); and would undoubtedly represent the now named federal defendants. Hence, there is no prejudice by an extension to serve

being granted- especially since the complaint was filed well within the statute of limitations and defendants attorney knew of this litigation since its inception, when the US Attorneys Office was first served in 2016. *Boley v. Kaymark*, 123 F.3d 756 (3d Cir, 1997) ("actual notice to a defendant that an action has been filed militates against a finding of prejudice"), *citing Dominic v. Hess Oil V.I. Corp.*, 841 F.2d 513,517 (3d Cir 1988) (no prejudice when defendant had notice of the claim and facts upon which it was based); *Spencer v. Dept. of the Treasury*, 1997 WL 306839, at 5 (EDNY June 4, 10997) (rejecting prejudice where defendant knew of the action); *Benjamin v. Grosnick*, 999 F.2d 590 (1st Cir. 1993) (no prejudice when defendant knew of lawsuit).

    Additionally, the fact defense counsel argues in his 8/13/20 letter that the case is now stale (to the extent it could never be re-filed without a Rule 4(m) extension) is a factor that inures to the benefit of plaintiff in getting an interest of justice/discretionary extension. *See Boley v. Kaymark*, 123 F.3d 756 (3d Cir, 1997)(discretionary extension warranted where defendants were on notice of the lawsuit and claims could not be re-filed due the passing of the statute of limitations). *See also, Fed. R. Civ. P. 4(m) Adv. Comm. Notes* (1993)(discretionary extension may be justified if passing of the statute of limitations would prevent re-filing absent the extension to serve being granted).

    In reversing a district court's refusal to grant a discretionary extension, the *Boley* Court stated, " In its discretionary analysis, however, the Court relied on its finding of prejudice to Kaymark, premised on the fact that, were an extension of time to effect service given to Boley, Kaymark would lose the benefit of the running of the statute of limitations. In drafting the amendment of Rule 4(m), the Advisory Committee plainly had in mind, as its notes state, "authorizing the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown…Relief may be justified if, for example, if the applicable statute of limitations would bar the re-filed action….*Fed. R. Civ. P. 4(m) Adv. Comm. Notes* (1993) (emphasis added). Interpreting this rule, under which the Court may extend the time for service to avoid the bar of limitations, to authorize the court to refuse to extend it so the defendant may gain the benefit of the bar appears to us to be inconsistent with its purpose. *See Goodstein v. Bombardier Capital, Inc.*, 167 F.R.D. 666-67 (D. Vt. 1996)(extending time in part to prevent plaintiff's case from being barred). We are aware of no decisions refusing to grant an extension to serve under Rule 4(m) solely on the ground that denying the defendant the benefit of the running of the statute of limitations amounts to cognizable prejudice." *Boley v. Kaymark*, 123 F.3d 756 (3d Cir, 1997).

    Defendants chose to wait until the year 2020 to raise statute of limitations arguments for the first time (while failing to submit any opposition to a motion filed more than one year ago seeking to amend the caption to include John Does)[2].

---

[2] Defendants filed a letter with the Court first raising issues of statute of limitations more than a year after plaintiff filed a motion to have the caption of the timely filed complaint deemed amended;

Defendants purposely waited until this case could never be re-filed to utter a word about the statute of limitations precluding amendment of the caption and service. Defendants arguments are not only unpreserved and waived at this juncture[3], they - are further evidence as to why an interest of justice extension should be given in order to spare plaintiff's case from a dismissal that would bar any prospect of refiling. This, compounded with service issues related to the pandemic since the issuance of Judge Spatt's 2/12/20 Order authorizing plaintiff to proceed in his federal action against the now named federal defendants, warrant both a good cause and discretionary extension to serve process.

In light of COVID and the impossibility of personal service on the defendants, plaintiff seeks leave of court to deem service by certified mail upon the US Attorney and the named defendants (already done on 8/21/20) sufficient or, in the alternative, to order the US Attorney to provide home addresses for the named officers so that personal service can be effectuated during the pandemic.

For the foregoing reasons, plaintiff respectfully requests and extension to service process be granted under Fed. R. Civ. Proc. 4(m) (under both the good cause and discretionary components); and that plaintiff's service by certified mail be deemed sufficient during the pandemic and the circumstances set forth above, or that the US Attorney be ordered to provide defendants home addresses so that service of process can be completed.

/s/Tamara Harris

---

almost six months after the time to seek reconsideration has passed; and five months after the time to file notice of appeal has elapsed.

[3] As to the case of *Aslandis v. United States*, cited by defendants in their 8/13/20 letter for reconsideration, that case is distinguishable from this case. Aside from the fact the Aslandis plaintiff filed a complaint after the statute of limitations expired, the defendants in that case timely moved for dismissal. Defendants in the Aslandis case did not ignore motion practice deadlines, or wait until the court ordered the caption amended to name John Does- before filing a belated and unpreserved motion for reconsideration.

# (No Subject)

From: MIKE del (mrpi21@yahoo.com)

To: totallytammy2003@yahoo.com

Date: Thursday, August 27, 2020, 4:27 PM EDT

