UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MICHAEL CASON,

                Plaintiff,

  -against-

FEDERAL PROTECTIVE SERVICE
OFFICER VALENTINE, COMMANDER
ANEST, COMMANDER QCITY, and
COMMANDER HOFF (a/k/a
COMMANDER HOG),[1]

                Defendants.
----------------------------------------------------------------X

FILED
CLERK
4:49 pm, Jan 25, 2023
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**MEMORANDUM & ORDER**
16-CV-3710 (GRB)(ARL)

**APPEARANCES:**

For Plaintiff:
The Law Office of Tamara M. Harris
111 Broadway, Suite 706
New York, New York 10006
By: Tamara M. Harris, Esq.

For Defendants:
Breon Peace
United States Attorney
Eastern District of New York
610 Federal Plaza
Central Islip, New York 11722
By: Robert W. Schumacher, A.U.S.A.

**GARY R. BROWN, DISTRICT JUDGE:**

      Plaintiff' Michael Cason ("Plaintiff") was a former employee of the FJC Security Services, Inc., a security company that contracts with the Federal Protective Service to guard federal facilities. Cason, who was an armed security guard, was terminated from FJC Security Services,

---

[1] The Honorable Arthur D. Spatt directed the Clerk of the Court to amend the caption by Memorandum & Order dated by February 14, 2020. Docket Entry ("DE") 91 at 19.

Inc. in 2015 for failing to safeguard his firearm during a protest about workplace safety. On July 3, 2016, Cason commenced this action pursuant to *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics,* 403 U.S. 388 (1971) against Defendants Federal Protective Service Officers John Doe 1-4 as well as FJC Security Services Inc., FJC Supervisor Smith, Joshua Primrose, and Stephanie Stevens (the "FJC Defendants") alleging principally constitutional violations arising from an incident that occurred in July 2015. DE 1. By Order dated February 14, 2020, Judge Spatt granted the FJC Defendants' summary judgment motion and granted Plaintiff leave to amend the caption to identify the John Doe FPS Officers as Steven Anest, Carl Hof, Joseph Cuciti[2] and Jamie Valentin (collectively "FPS Officers" or "Defendants"). DE 19. Presently before the Court[3] is Defendants' motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that the claims against the FPS Officers are time-barred. For the reasons set forth below, the motion is granted.

## Procedural Background

Filed over six years ago on July 3, 2016, Plaintiff's complaint asserted a *Bivens* claim against the FPS officers arising from an incident that occurred in July 2015. DE 1. Specifically, Plaintiff seeks recovery against United States Department of Homeland Security law enforcement officers with the FPS. *Id.* These officers were originally unnamed in the complaint and identified only as John Doe defendants. *Id.* Also included in the complaint were claims against private defendants, the FJC Defendants, *viz*. Security Services Inc., FJC Supervisor Smith, Joshua Primrose, and Stephanie Stevens for their alleged role in the July 2015 incident. *Id.*

On December 14, 2016, the United States Attorney's Office ("USAO") advised the Court and Plaintiff that it could not represent or appear on behalf of any unnamed FPS Officer unless

---

[2] It appears that Plaintiff's request to amend the caption misspelled Cuciti as Qcity.
[3] This case was reassigned to the undersigned on July 8, 2022.

and until they were identified, named as defendants and served with process. DE 20. As such, the government was unable to respond to the complaint on behalf of the John Doe defendants. Notwithstanding such notice, Plaintiff did not request assistance from the government in identifying the FPS Officers. Nor did Cason seek to compel the information through legal means, such as the Freedom of Information Act. Instead between July 2016 and February 2020, Plaintiff litigated this case solely against the private FJC defendants. Plaintiff learned the identity of the FPS Officers at the latest on December 1, 2017, during the deposition of one of the FJC Defendants. DE 91, 84-2 at 32-22.

On May 28, 2019, the FJC Defendants moved for summary judgment. DE 77. In his August 6, 2019 brief in opposition to that motion, Plaintiff moved[4] to amend the caption of the complaint to identify the FPS officials. By Order dated February 14, 2020, Judge Spatt granted the FJC Defendants' summary judgment motion and granted Plaintiff leave to amend the caption to identify the FPS Officers "as Officer Valentine, Commander Anest, Commander 'QCity' and Commander Hoff (a/k/a Commander 'Hof')." DE 91. In granting the motion to amend the caption, Judge Spatt did not address the futility of the amendment. *See* DE 91.

On June 30, 2020, the case was reassigned to Judge Denis R. Hurley who immediately requested that the parties file a status report. *See* Order dated June 30, 2020. In response to his

---

[4] No notice of motion or cross-motion was served by Plaintiff. Rather there was a request to amend the caption contained in Plaintiff's opposition brief. The totality of the argument to amend of the caption was as follows:

> Plaintiff's *Bivens* claim was pled against Federal Protective Service Officers whose names were originally not known, and who were named John Does in the caption of the Complaint. Since this case proceeded to discovery and through depositions the names of the John Does are now known to be Federal Protective Officer Valentine, Commander Anest, Commander QCity, and Inspector Hoff (aka Inspector Hog). As such plaintiff respectfully requests the caption of the complaint be amended to name the John Does. Rule 15(a)(2) (leave to amend should be freely given).

DE 84 at 12-13. There was no request to file an amended complaint. Moreover, it is apparent from the docket in this matter that Plaintiff never amended the complaint to set forth specific allegations against any of the FPS Officers.

order, counsel for Plaintiff advised that (i) the Clerk of the Court had been directed to amend the caption to identify the FPS officers; (ii) and that the case was ordered to proceed as against the referenced FPS Officers.  DE 92.  Plaintiff failed to advise the court that he had yet to serve any FPS officer with process.  *Id*.  Relying on the representations set forth in Plaintiff's letter, by Order dated August 10, 2020, Judge Hurley noted that it appeared discovery was complete and directed the parties to submit a pretrial order in accordance with his Individual Practice Rules.  The government (which was not a party to this action) immediately moved for reconsideration advising the Court:

> [w]hile this office does not represent any of the named federal officers in their individual capacity, please be advised that, while this matter was filed over four years ago . . . no federal officer has, to date been served with process. Thus, absent service pursuant to the Fed. R. Civ. P., these officers have neither sought authorization to be represented in their individual capacities, participated in discovery, nor even appeared, making the Court's order for them to proceed to trial premature and prejudicial.  In light of this information, the government respectfully requests that the Court's order be withdrawn to the extent it applies to any unserved federal officer.  Moreover, given that this case involves an incident that occurred in July 2015, and that plaintiff learned the identities of the officers at the latest on December 1, 2017, . . . the inexplicable failure to seek to add them to the caption within the three-year statute of limitations (i.e. July 2018) and/or timely complete service, warrants dismissal.

 DE 93.  By Order dated August 27, 2020, Judge Hurley vacated the August 10, 2020 Order, indicating that Plaintiff had failed to advise the Court that FPS Officer Valentine, Officer Hoff, Officer QCity and Inspector Anest had not been served.  Judge Hurley further directed Plaintiff to address any request for additional time to serve or applications for discovery to the assigned Magistrate Judge.

On September 17, 2020, Plaintiff filed a letter motion seeking an extension of time to serve the FPS Officers pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.  DE 97.  In response, the USAO sought an extension of time to respond to Plaintiff's letter motion so that it could seek approval to represent the FPS Officers in their individual capacities, notwithstanding

the fact that these federal officers had not been served. DE 98. By Order dated, September 24, 2020, Magistrate Judge Arlene R. Lindsay denied Plaintiff's motion with leave to renew once a decision on the USAO authorization to represent the FPS Officers in their individual capacities was made. DE 99. By letter dated March 25, 2021, the government informed the Court that it received authorization to represent the FPS Officers in their individual capacities. DE 100.

On April 23, 2021, Plaintiff moved for an extension of time to serve process upon the FPS Officers, which motion was opposed by Defendants. DE 102, 103. By Order dated October 29, 2021, Judge Lindsay granted the motion. DE 104. The FPS Officers now move to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that the claims against the FPS Officers are time-barred.

## DISCUSSION

### I.   Applicable Standard – Rule 12(b)6) Motion to Dismiss

Motions to dismiss are decided under the well-established standard of review for such matters, as discussed in *Burris v. Nassau County District Attorney*, No. 14-5540 (JFB) (GRB), 2017 WL 9485714, at *3-4 (E.D.N.Y.), *adopted by* 2017 WL 1187709 (E.D.N.Y. 2017), incorporated by reference herein. The gravamen of that standard, of course, is whether, assuming the allegations in the complaint to be true, the complaint sets forth sufficient factual allegations to render the claims plausible.

### II.   Statute of Limitations

#### A.   Applicable Law

In a *Bivens* action, the statute of limitations "provides an affirmative defense," *Gonzalez v. Hasty*, 651 F.3d 318, 322 (2d Cir. 2011), meaning that dismissal on limitations grounds under Rule 12(b)(6) is appropriate only "if the defense appears on the face of the complaint," *Ellul v.*

*Congregation of Christian Bros.*, 774 F.3d 791, 798 n.12 (2d Cir. 2014). The applicable statute of limitations for a *Bivens* action arising in New York is three years. *See Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013). "Although a defendant can initially be named as a John Doe defendant, failure to fully name that defendant within the applicable statute of limitations period requires dismissal of the claim." *Rochester v. County of Nassau*, 10-CV-6017 (PKC)(SLT), 2019 WL 955032, at *3 (E.D.N.Y. Feb. 27, 2019); *see Tapia-Ortiz v. Doe*, 171 F.3d 150, 151-52 (2d Cir. 1999 (holding that even where a plaintiff has filed a complaint naming John Doe Defendants "within the three-year statute of limitations period, it is familiar law that 'John Doe' pleadings cannot be used to circumvent the statutes of limitations because replacing a 'John Doe' with a named party in effect constitutes a change in the party sued"); *see also Hogan*, 738 F.3d at 517 (holding a plaintiff cannot circumvent New York's three-year statute of limitations by filing a complaint against a 'John Doe' defendant within the three years, and then amending the complaint to name the defendant at a later time). Thus, 'John Doe' substitutions "may only be accomplished when all of the specifications of Fed. R. Civ. P. 15(c) are met." *Hogan*, 738 F.3d at 517.

An amended complaint that meets the requirements of Rule 15(c) is considered to "relate back" to the date of the original complaint. *Id.* That is to say, if the plaintiff can show that the amended complaint "relates back" to a timely-filed complaint under Rule 15(c), a plaintiff may name a John Doe defendant *nunc pro tunc*. Under Rule 15(c)(1)(A), an amended pleading may relate back to an earlier-filed complaint when "the law that provides the applicable statute of limitations allows relation back." *Id.* at 518-19. Where the state law regarding relation back is more generous than the federal law, the state law will be applied. *Liverpool v. Davis*, 442 F. Supp. 3d 714, 725 (S.D.N.Y. 2020). New York state law provides a "more forgiving principle of relation

back" for cases involving John Doe defendants and will therefore be applied. *Hogan*, 738 F.3d at 518.

Unlike the Federal Rules of Civil Procedure, the New York Civil Practice Law and Rules ("CPLR") creates a special procedure for claims alleged against John Doe defendants. Section 1024 of the CPLR provides:

> A party who is ignorant, in whole or in part, of the name or identity of a person who may properly be made a party, may proceed against such person as an unknown party by designating so much of his name and identity as is known. If the name or remainder of the name becomes known all subsequent proceedings shall be taken under the true name and all prior proceedings shall be deemed amended accordingly.

N.Y. CPLR 1024. To obtain the benefit of § 1024, a plaintiff must demonstrate that he/she "exercise[d] due diligence, prior to the statute of limitations, to identity the defendant by name." *Hogan*, 738 F.3d at 519 (quoting *Bumpus v. N.Y.C. Transit Auth.,* 883 N.Y.S.2d 99, 104 (2d Dep't 2009)); *see Barrett v. City of Newburgh*, 720 F. App'x 29, 33 (2d Cir. 2017) ("Section 1024's 'due diligence' requirement is not forgiving. The onus of identifying an officer defendant's name, or at least making a good faith effort, lies on the plaintiff."). In addition, the plaintiff must describe the John Doe party "in such form as will fairly apprise the party that she[/he] is the intended defendant." *Bumpus,* 883 N.Y.S.2d at 104. Here, Plaintiff cannot satisfy the due diligence requirement under New York law.

### B. Discussion

Given that the events giving rise to Plaintiff's claims occurred in July 2015, the three-year statute of limitations expired in July 2018. CPLR 1024 provides no basis in this case for relating back the claims against the FPS Officers to the filing of the John Doe complaint. Plaintiff has presented nothing to the Court to support that he diligently sought to identify the John Doe Defendants prior to the expiration of the limitations period. Indeed, as Judge Lindsay found:

> Cason never requested assistance from the government in identifying the FPS Officers. Nor did he seek to compel the information through legal means, such as the Freedom of Information Act. Instead, between July 2016 and February 2020, Cason chose to litigate this case solely against the FJC defendants. In fact, despite learning of the identities of the FPS Officers during discovery in 2017, Cason did not seek to add them as parties until he opposed the FJC defendants' motion for summary judgment on August 6, 2019.

DE 104 at 1.

It is uncontroverted that Plaintiff learned the identity of the John Doe defendants during a deposition taken in December 2017, at which time there was nearly six months remaining of the limitations period. Inexplicably, Plaintiff then waited nearly two years – allowing the limitations period to expire – before requesting that the caption be amended.[5] In short, Plaintiff appears to have expended no efforts to identify the FPS Officers – either before or after the expiration of the statute of limitations.

In light of Plaintiff's failure to exhibit due diligence in attempting to ascertain the identity of the John Doe defendants, the amendment of the caption in 2020 does not relate back to the original complaint, and the claims against the FPS Officers are time-barred. *See, e.g., Vasconcellos v. City of New York*, No. 12-CV-8445 (CM), 2014 WL 4961441, at *9 (S.D.N.Y. Oct. 2, 2014) (holding that amended complaint did not relate back under CPLR 1024 where

---

[5] When Judge Spatt granted Plaintiff's request to amend the caption to identify the former John Doe defendants in his February 14, 2020 Order, the issue of whether Plaintiff's claims were time barred was neither raised in connection with Plaintiff's application, nor actually litigated or decided. Notably, to date no amended complaint has been filed setting forth specific allegations as to each of the FPS Officers. And although Plaintiff argues that the FPS Officers are estopped from asserting the statute of limitations defense as a result of Judge Spatt's February 14, 2020 Order, Plaintiff's reliance on this argument is misplaced. Pursuant to the Federal Rules of Civil Procedure a defendant has until his responsive pleading to assert the defense of statute of limitations. *See* Fed. R. Civ. P. 8 (c) & 12(b). At the time Plaintiff sought to amend the caption to replace the John Does with the FPS Officers, the FPS Officers were not parties to the action and thus did not have a full and fair opportunity to raise the statute of limitations. *Cf. Interoceania Corp v. Sound Pilots, Inc.*, 107 F.3d 86, 91 (2d Cir. 1997) (collateral estoppel requires, *inter alia*, that the party sought to be estopped had a "full and fair opportunity" to litigate the issue.). In addition, Judge Spatt's Order did not examine whether the amendment to the caption sought by Plaintiff would be futile. *Id.* (collateral estoppel also requires that the issue was actually litigated and decided in previous proceeding). Once the FPS Officers were served with the complaint on November 4, 2021, the FPS Officers timely sought leave to file the instant motion to dismiss on statute of limitations grounds.

plaintiff "did nothing to exercise due diligence prior to the running of the statute—or for that matter, after it ran").  Accordingly, the FPS Officers' motion to dismiss the complaint is granted.

## CONCLUSION

For the reasons set forth above, the FPS Officers' motion to dismiss is granted.

All claims against all parties having been determined, the Clerk of Court is directed to enter judgment and to close this case.

**SO ORDERED.**

Dated: Central Islip, New York
       January 25, 2023

/s/ Gary R. Brown
**Gary R. Brown**
United States District Judge